IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.          No. CR 11-2518 BB

HENRY M. FUENTES,

      Defendant.

### MEMORANDUM OPINION ON MOTION TO SUPPRESS

**THIS MATTER** is before the Court on the motion of Defendant, Henry M. Fuentes, to suppress all statements and evidence [Doc. 41] derived as a result of an illegal stop and detention on August 11, 2011 [Doc. 41]. After reviewing all the submissions of the parties and holding an evidentiary hearing on January 18, 2012, the Court finds the motion should be Granted.

### Facts

On August 16, 2011, U.S. Border Patrol Agent Bradley Kolean was patrolling near Highway 80 in southern New Mexico. He observed a 1992 dark green Toyota Camry with California handicapped license plates traveling northbound on Highway 80. The Camry had dark tinted back windows, but the agent was able to see the driver and front seat passenger as their vehicle passed the agent. Agent Kolean noticed that both subjects appeared nervous due to the fact they did not look at the agent's direction

as they passed by and both were rigid and not relaxed.  Agent Kolean decided to follow the vehicle to I-10 and called for registration and crossing checks.  The checks did not return anything suspicious. Defendant's Camry slowed considerably "to 68 mph" after the Agent Kolean pulled his marked vehicle behind it.  Agent Kolean then stopped the vehicle because he believed it was possibly involved in illegal activity.  It contained illegal immigrants.

     A routine traffic stop is governed by the principles developed for investigative detentions set forth in *Terry v. Ohio*, 392 U.S. 1 (1968).  There are two inquiries.  The first inquiry is whether the officer's action was justified at its inception, and if so, the inquiry shifts to whether the resulting detention was reasonable related in scope to the circumstances that justified the stop in the first place. *United States v. Valenzuela*, 494 F.3d 886, 888 (10th Cir.), *cert. denied*, 552 U.S. 1032 (2007).  "[W]e assess the reasonableness of a traffic stop based on an observed violation by considering the scope of the officer's actions and balancing the motorist's legitimate expectation of privacy against the government's law-enforcement-related interests." *United States v. Holt*, 264 F.3d 1215, 1220 (10th Cir. 2001).

     Agent Kolean did not observe any traffic or equipment violation.  Border Patrol agents on roving patrol are permitted to stop vehicles only if they are aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the occupants are involved in criminal activity. *United States v. Cantu*, 87 F.3d 1118, 1121 (10th Cir. 1975) (quoting *United States v. Brignoni-Ponce*, 422

U.S. 873, 884 (1975)).  In determining whether there is reasonable suspicion to stop a car in a border area, officers may consider any number of factors, including: (1) characteristics of the area in which the vehicle is encountered; (2) the proximity of the area to the border; (3) the usual patterns of traffic on the particular road; (4) the previous experience of the agent with alien traffic; (5) information about recent illegal border crossings in the area; (6) the driver's behavior, including any obvious attempts to evade officers; (7) aspects of the vehicle, such as a station wagon with concealed compartments; and (8) the appearance that the vehicle is heavily loaded.  *United States v. Monsisvais*, 907 F.2d 987, 990 (10th Cir. 1990) (citing *Brignoni-Ponce*, 422 U.S. at 884-85).

      At the evidentiary hearing, Agent Kolean conceded Defendant's license plates had no bearing.  He also conceded that since he found several people on the floor of the Camry it must have been riding low, but he did not notice that at the time.  He also recognized the time of day and the direction of the vehicle were not suspicious.  This Court cannot find the driver's rigid posture and the fact that he slowed to a reasonable state road speed, 68 mph, well within the limit, sufficient to support reasonable suspicion.  *See United States v. Ortiz*, 422 U.S. 891, 909 (1975); *United States v. Martinez-Cigarroa*, 44 F.3d 908, 909-10 (10th Cir. 1995).

*<u>Conclusion</u>*

**Defendant's Motion will be Granted.  An Order will be entered herewith.**

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
**Chief United States District Judge**